IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **OPENSESAME, INC.**, a Delaware corporation,<br><br>        Plaintiff,<br><br>        v.<br><br>**GO1 PTY, LTD.**, an Australian Proprietary Company,<br><br>        Defendant. | Case No. 3:21-cv-1258-AR<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

        United States Magistrate Judge Jeff Armistead issued Findings and Recommendation in this case on April 7, 2025. Judge Armistead recommended that the Court grant Defendant's motion to dismiss with prejudice and without leave to amend.

        Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

PAGE 1 – ORDER

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff timely filed its objections, to which Defendant responded. Plaintiff objects to the portion of Judge Armistead's recommendation finding that Plaintiff's patent claims are patent ineligible under the *Alice*[1] test because those patent claims are directed to the abstract idea of adding a proxy to an e-learning system and lack an inventive concept.[2]

---

[1] *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208 (2014).

[2] Plaintiff also argues that the Findings and Recommendation did not consider relevant facts from the *inter partes* review by the U.S. Patent and Trademark Office. Plaintiff references the Patent Trial and Appeal Board's ("PTAB") Final Written Opinion holding that Defendant had not established that Plaintiff's claims are unpatentable as obvious under 35 U.S.C. § 103. As the Findings and Recommendation correctly stated, however, the obviousness analysis under § 103 is not helpful to the 35 U.S.C. § 101 analysis at issue in this motion to dismiss. *See, e.g., Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1339-40 (Fed. Cir. 2017) ("[T]he court correctly concluded that the material was relevant to a novelty and obviousness analysis, and not whether the claims were directed to eligible subject matter. Eligibility and novelty are separate inquiries."). Thus, the Court does not consider the PTAB opinion as helpful in determining if Plaintiff's claimed invention is directed to a patent-eligible subject matter under § 101.

**DISCUSSION**

As a preliminary matter, Plaintiff argues that the Findings and Recommendation did not properly consider Defendant's burden to prove patent invalidity by clear and convincing evidence. *See Rsch. Corp. Techs., Inc. v. Microsoft Corp.*, 627 F.3d 859, 870 (Fed. Cir. 2010) ("A patent is presumed valid and the party asserting invalidity has the burden of persuasion to show the contrary by clear and convincing evidence."). Whether a patent goes to an eligible subject matter under 35 U.S.C. § 101, however, is a question of law to which the clear and convincing evidence standard does not necessarily apply. *See CyberSource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366, 1369 (Fed. Cir. 2011) ("Issues of patent-eligible subject matter are questions of law . . . ."). Still, "[w]hile the ultimate determination of eligibility under § 101 is a question of law, like many legal questions, there can be subsidiary fact questions which must be resolved en route to the ultimate legal determination." *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1128 (Fed. Cir. 2018). As the party moving for relief, Defendant bears the "burden of establishing invalidity of a patent or any claim thereof." 35 U.S.C. § 282(a). Further, at the pleading stage, the Court construes the patent claims in the manner most favorable to Plaintiff.

**A.** *Alice* **Step One**

"The Supreme Court has not established a definitive rule to determine what constitutes an 'abstract idea' sufficient to satisfy the first step of the [*Alice*] inquiry." *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1334 (Fed. Cir. 2016). Instead, the Federal Circuit and the Supreme Court "have found it sufficient to compare claims at issue to those claims already found to be directed to an abstract idea in previous cases." *Id.* The Federal Circuit has "routinely held software claims patent eligible under *Alice* step one when they are directed to improvements to the functionality of a computer or network platform itself." *Uniloc USA, Inc. v. LG Elecs. USA, Inc.*, 957

F.3d 1303, 1307 (Fed. Cir. 2020) (collecting cases). But "[a]n improved result, without more, is not enough to support patent eligibility at *Alice* step one." *Contour IP Holding LLC v. GoPro, Inc.*, 113 F.4th 1373, 1379 (Fed. Cir. 2024).

As further guidance, a patent that goes to a "fundamental economic practice" or a "method of organizing human activity" that has long been "prevalent in our system of commerce" is directed to an abstract idea. *Alice*, 573 U.S. at 219-20. And concepts that involve processes that humans can and have performed without the aid of a computer have also been found to be directed to abstract ideas. *See, e.g.*, *cxLoyalty, Inc. v. Maritz Holdings, Inc.*, 986 F.3d 1367, 1377 (Fed. Cir. 2021) (holding that a claimed invention was directed to an abstract idea in part because "[h]umans have long intermediated these very transactions by collecting and relaying the very same information").

As is appropriate for the analysis at *Alice* step one, both parties compare Plaintiff's claimed invention to inventions discussed in other § 101 cases. Plaintiff concedes that its claimed invention is a proxy but argues that the proxy is part of the "unique system architecture" of the claimed invention and provides a specific, technological means for improving a technology-based problem. Thus, Plaintiff argues that the claimed invention is like inventions that have been found to address patent-eligible subject matter by providing an improvement to computer functionality.[3]

---

[3] *See, e.g.*, *Uniloc USA*, 957 F.3d at 1307-08 (holding that claims were "directed to a patent-eligible improvement to computer functionality" where the claimed invention included an additional data field that "eliminates or reduces the delay present in conventional systems" and "changes the normal operation of the communication system itself"); *Contour IP Holding*, 113 F.4th at 1379-81 (concluding that claims satisfied *Alice* step one and were "directed to a specific means that improves the relevant technology" where the claims "require specific, technological means—parallel data stream recording with the low-quality recording wirelessly transferred to a remote device—that in turn provide a technological improvement").

Defendant responds that the Supreme Court and Federal Circuit have repeatedly held that the use of a third-party intermediary is an abstract idea.[4] Defendant also distinguishes the cases cited by Plaintiff, arguing that those claimed inventions recited specific structural or technological improvements, such as the addition of a "data field for polling as part of the inquiry message," *Uniloc USA*, 957 F.3d at 1305, or a combination of "parallel data stream recording with the low-quality recording wirelessly transferred to a remote device," *Contour IP Holding*, 113 F.4th at 1379. Plaintiff's claimed invention, Defendant argues, merely performs the conventional actions of managing access to and delivery of online courseware in a generic way—through an intermediary—without improving any underlying technology.

Plaintiff's patent describes a proxy and "coded instructions" in the licensing/reporting server that verify the validity status of a user license and provide the proxy a location designator for accessing the content player. This method is conceptual. Regardless, the Court does not decide whether the patent is directed to an abstract idea because, as discussed below, Defendant fails to meet its burden to establish that the patent lacks an inventive concept.

## B. *Alice* Step Two

Plaintiff argues that the Findings and Recommendation does not account for the patent's specific, technological improvement to the computer networks of e-learning systems. Plaintiff contends that the claimed invention solves the technology-based problem of lack of interactivity

---

Plaintiff also cites *DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245 (Fed. Cir. 2014) as an example of the Federal Circuit holding that claims were eligible at *Alice* step one. But in *DDR Holdings*, the Federal Circuit found that "under any of these characterizations of the abstract idea, the . . . claims satisfy [*Alice*] step two." *Id.* at 1257.

[4] *See, e.g.*, *Alice*, 573 U.S. at 219-20 (holding third-party intermediary used in financial transactions to mitigate risk to be abstract); *Universal Secure Registry LLC v. Apple Inc.*, 10 F.4th 1342, 1350 (Fed. Cir. 2021) (holding claims directed to the use of a third-party intermediary in an electronic payment system to be abstract).

and interoperability in conventional online learning systems in an unconventional manner. Defendant responds that Plaintiff's claimed invention is the definition of a proxy and presents no inventive concept.

Plaintiff alleges in its First Amended Complaint ("FAC") and its patent that its claimed invention is nonconventional and inventive.[5] At the pleading stage, the Court accepts these concrete, non-conclusory allegations as true. *See Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1317-18 (Fed. Cir. 2019) (holding that the district court erred by not accepting the plaintiff's "specific, plausible factual allegations about why aspects of its claimed inventions were not conventional, *e.g.*, its two-step, two-device structure requiring a connection *before* data is transmitted" as true (emphasis in original)); *Aatrix Software, Inc.*, 882 F.3d at 1128 (holding that "concrete allegations . . . that individual elements and the claimed combination are not well-understood, routine, or conventional activity" and allegations "regarding the claimed combination's improvement to the functioning of the computer" should be accepted at true at the pleading stage).

---

[5] *See, e.g.*, FAC (ECF 23) ¶ 17 ("The invention incorporates substantial computer-functionality improvements that significantly depart from earlier approaches to address specific problems, including without limitation [the following list of problems]."); *id.* ¶ 18 ("The claims as a whole incorporate a unique combination of limitations, which contain inventive concepts. In addition to those discussed above, the patented invention incorporates many other novel breakthrough concepts including without limitation [the following list of concepts]."); ECF 1-1 (patent) at 10 ("The invented system and method solve the above-identified problems by, for example, abstracting the actual courseware . . . from the LMS via a proxy . . . ."); *id.* at 11 ("Those with skill in the art will appreciate that SESAME-SEED proxy 24 resides and executes typically in invested user system 22, but actually forms an important part of invented OPENSESAME system 10 in accordance with one embodiment of the invention. This unique system architecture by which a non-OPENSESAME-server-resident component of OPENSESAME system 10 resides and executes on user system 22 is indicated in FIGS. 1-4 by two crooked dashed lines."); *id.* at 11 ("An embodiment of this novel solution involves the content and player being served from domains that share a common root domain . . . . Thus, the invention solves problems and avoids restrictions and complexities of conventional CDN-based, content-playing techniques.").

Based on these allegations and the patent, Plaintiff's claimed invention appears to describe a solution that is "necessarily rooted in computer technology in order to overcome a problem specifically arising in the realm of computer networks" and is thus patentable at *Alice* step two. *See DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245, 1257 (Fed. Cir. 2014). Defendant argues that the claim elements are merely "generic computer components," *In re TLI Communications LLC Patent Litigation*, 823 F.3d 607, 614 (Fed. Cir. 2016), and that Plaintiff does not explain what, "beyond the proxy and its purported benefits," the patent offers to the combination of generic computer components. But "[w]hether the claim elements or the claimed combination are well-understood, routine, [and] conventional is a question of fact. And in this case, that question cannot be answered adversely to the patentee based on the sources properly considered on a motion to dismiss . . . ." *Aatrix Software, Inc.*, 882 F.3d at 1128.

Thus, at this stage, Defendant fails to meet its burden to establish that the claimed invention is unpatentable. This is enough to allow this case to proceed past the pleading stage. Ultimately, the decision on patentability under § 101 "may be better informed with a more complete factual record," which "discovery and expert opinions may clarify." *Tangle, Inc. v. Aritzia, Inc.*, 125 F.4th 991, 994, 998 (9th Cir. 2025).

## CONCLUSION

The Court DECLINES TO ADOPT the Findings and Recommendation, ECF 52. The Court DENIES Defendant's Motion to Dismiss, ECF 28, without prejudice to Defendant to renew its argument at a later stage of the proceedings.

**IT IS SO ORDERED.**

DATED this 30th day of May, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge